UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>RASHAD LOVETT, SR. and<br>KACERIA LOVETT,<br><br>Debtors. | Case No. 24-40412-357<br><br>Chapter 7 |

### MEMORANDUM OPINION

Debtors Rashad and Kaceria Lovett have filed a Motion to Vacate Discharge Order for the Limited Purpose of Adding Creditors (the "Motion"). The Motion indicates that the Debtors inadvertently omitted two creditors from their bankruptcy schedules. The Debtors ask the Court to vacate the discharge, then reissue a discharge after May 24, 2024, presumably after they have amended their schedules to include the omitted debts. For the reasons that follow, I will deny the Motion.

I.   Background

The Debtors commenced this Chapter 7 bankruptcy case on February 6, 2024. The notice of the initial meeting of creditors indicated that there did not appear to be assets for distribution to unsecured creditors. Accordingly, except for those with security interests in the Debtors' principal residence, creditors were not required to file proofs of claim. However, about two months later, the Chapter 7 Trustee issued a Notice of Assets and Request for Notice to Creditors, indicating that assets had been identified for distribution and setting a claims bar date of July 15, 2024.

A discharge was entered on May 14, 2024. The Debtors filed the Motion later that same day.

II.   Analysis

Inherent in the Debtors' request is the assumption that their unscheduled debts will be discharged only if the discharge is entered after they are added to the schedules. I conclude that this is a flawed assumption.

### A. The Discharge and Omitted Debts

Section 727(b) of the Bankruptcy Code provides that the pre-petition debts of a Chapter 7 debtor are generally dischargeable. However, Section 523 excepts certain debts from this discharge, including debts that are "neither listed nor scheduled" in a debtor's bankruptcy papers under certain circumstances. 11 U.S.C. § 523(a)(3). These debts fall within two categories.

The first includes debts arising from certain intentional torts such as fraud, willful or malicious injury, or fiduciary misconduct. *See id.* § 523(a)(3)(B). Omitted debts arising from these intentional torts are not discharged unless the "creditor had notice or actual knowledge of the case in time" to file a proof of claim and request a determination of dischargeability. *Id.* In essence, this provision protects a tort creditor that was not aware of deadlines against the effects of those deadlines. *See In re Mendiola*, 99 B.R. 864, 868 (Bankr. N.D. Ill. 1989).

The second category includes all other debts. *See* 11 U.S.C. § 523(a)(3)(A). These debts are excepted from discharge if they are not listed or scheduled "in time to permit . . . timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case" in time to file a claim. *Id.* The effect of this provision in a Chapter 7 case depends on whether there are assets available for distribution to unsecured creditors.

When there are no assets, creditors are notified that it is unnecessary to file a proof of claim. *See* Fed. R. Bankr. P. 2002(e). Therefore, a claims bar date will not exist in many Chapter 7 cases. Under these circumstances, as Judge Barta explained, "Section 523(a)(3)(A) does not render the unscheduled debt non-dischargeable because there is not yet a time when it is too late to permit a timely filing of a proof of claim." *In re Baskowitz*, 194 B.R. 839, 845 (Bankr. E.D. Mo. 1996).

But when there are assets for distribution and a claims bar date is set, as in the present case, Section 523 protects an unnoticed creditor "who did not know about the case in time to file a claim" because of a debtor's omission. *In re Beezley*, 994 F.2d 1433, 1435 (9th Cir. 1993) (O'Scannlain, J., concurring).

### B. Application to This Case

The Debtors' desire to give notice of this bankruptcy case and the claims bar date to their unscheduled creditors is commendable. They do not request leave to amend their schedules, nor do they need to. *See* Fed. R. Bankr. P. 1009(a) (providing that schedules may be amended "as a matter of course at any time before the case is closed"). Instead, the Debtors ask that I vacate the discharge.

As a preliminary matter, it is not clear that I have the power to vacate or otherwise alter a discharge, other than in an adversary proceeding to revoke a discharge under Section 727(d).[1] *See In re Simmons*, No. 6:11-BK-09983-KSJ, 2014 WL 6808613, at *1 (Bankr. M.D. Fla. Dec. 2, 2014) ("[T]he Debtors have not identified a provision of the Code that would permit the Court to vacate their discharge."); *In re Shires*, No. 07-20156-RLJ-7, 2008 WL 2405039, at *1 (Bankr. N.D. Tex. June 9, 2008) ("[N]either the Code nor the Rules sanction a temporary vacation of the discharge.").

But even assuming that I could vacate the discharge, doing so would not serve any purpose in this case. *See In re Warren*, 241 B.R. 421, 423 (Bankr. E.D. Ark. 1999). As described above, whether a pre-petition debt is discharged turns on whether an unscheduled creditor had sufficient notice or actual knowledge of a deadline or, for certain tort creditors, two deadlines. The deadline to file a complaint seeking to except a debt from discharge under Section 523(c) has passed, and it cannot be extended after the fact. *See* Fed. R. Bankr. P. 4007(c), 9006(b)(3). Thus, neither the Debtors nor the Court can now give anyone meaningful notice of that deadline. The claims bar date, on the other hand, is nearly two months in the future, and the discharge does not prevent the Debtors from giving newly identified creditors notice of it.

In short, whether the discharge is in effect or is set aside temporarily will not alter the rights of the Debtors or their unscheduled creditors. There is, therefore, no reason to vacate it.

### III.   Conclusion

For these reasons, I will enter a separate order denying the Motion.

Dated: May 21, 2024  
St. Louis, Missouri  
cjs

Brian C. Walsh  
United States Bankruptcy Judge

---

[1] It also is not clear that a debtor has standing to request revocation of the discharge, as Section 727(d) is limited to a request by the "trustee, a creditor, or the United States Trustee." 11 U.S.C. 727(d); *see also In re Jymison*, No. 7-11-15017, 2012 WL 709980, at *1 (Bankr. D.N.M. Mar. 5, 2012) ("On its face [Section 727(d)] does not provide for a debtor to set aside his or her own discharge."). Nor would that be a sound strategy, for nothing in the Bankruptcy Code authorizes a court to reissue a discharge after revoking it.

Copies to:

**Rashad Lovett, Sr.**
531 Chambers Road
Ferguson, MO 63135

**Kaceria Lovett**
531 Chambers Road
Ferguson, MO 63135

**Tracy A. Brown**
Tracy A. Brown, P.C.
1034 S. Brentwood Blvd
Ste 725
St. Louis, MO 63117

**David A. Sosne**
David A. Sosne, Trustee
903 S. Lindbergh, Suite 200
St. Louis, MO 63131-2934

**Brian James LaFlamme**
Summers Compton Wells LLC
903 S. Lindbergh, Suite 200
St. Louis, MO 63131-2934

**Office of US Trustee**
111 S Tenth St, Ste 6.353
St. Louis, MO 63102